# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:13 CR 009-19

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **ANGELA LEIGH WIKE.** | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on November 22, 2013. It appearing to the Court at the call of this matter on for hearing the Defendant was present with her attorney, Jack W. Stewart and the Government was present and represented through Assistant United States Attorney Tom Ascik. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On May 21, 2013 a bill of indictment was issued charging the Defendant with conspiracy to traffic in methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846. Defendant was also charged in two separate counts with distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). On November 22, 2013, the undersigned held and inquiry, pursuant to Rule 11 of the

1

Federal Rules of Criminal Procedure and accepted a plea of guilty of the Defendant to the charge of conspiracy to traffic in methamphetamine as contained in count one of the bill of indictment. At the end of the Rule 11 proceeding, this Court presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears Defendant has now entered a plea of guilty to conspiracy to violate 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned made an inquiry of Assistant United States Attorney Tom Ascik as to whether or not there will be a recommendation that no sentence of imprisonment be imposed upon Defendant. Mr. Ascik advised the Court that such a

recommendation could not be made in this matter. As a result of the plea of guilty, the undersigned cannot find there is a likelihood that a motion for acquittal or new trial will be granted. It would thus appear, and the Court is of the opinion that the Court is required by law to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which mandate the detention of Defendant.

## ORDER

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: November 26, 2013

Dennis L. Howell
United States Magistrate Judge